UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 14-150-HRW

MICHAEL CURTIS QUALLS, II,     PLAINTIFF,

v.     MEMORANDUM OPINION AND ORDER

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,     DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on January 10, 2012, alleging disability beginning on January 8, 2012, due to diabetes (Tr. 174). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Thomas Cheffins (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Anthony T. Michael, Jr., a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 11-22). Plaintiff was 40 years old at the time of the hearing decision. He has completed one year of college (Tr. 174). His past relevant work experience consists of work as a Certified Nurse's Assistant (Tr. 175).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 13).

The ALJ then determined, at Step 2, that Plaintiff suffers from diabetes mellitus and obesity, which he found to be "severe" within the meaning of the Regulations (Tr. 13-15).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 15 -16).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 20) but

2

determined that he has the residual functional capacity ("RFC") to perform a range of light work (Tr. 16). Specifically, the ALJ found that Plaintiff could perform light work that involved occasionally climbing ramps and stairs, balancing, stooping, crouching, kneeling, and crawling; never climbing ladders, ropes, or scaffolds; and avoiding concentrated exposure to work in extreme cold or near hazardous machinery or extreme heights. *Id.*

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 20, 52-58).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 6 and 7] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may

3

not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly discounted Plaintiff's testimony regarding the extent of his symptoms and (2) the ALJ did not afford proper weight to the opinion of Plaintiff's treating physician, George Borst, M.D.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ improperly discounted Plaintiff's testimony regarding the extent of his symptoms. In this case, the AlJ found Plaintiff's testimony regarding his symptoms "far exceed[ed] the medical evidence" (Tr. 18).

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). Upon review, this Court is limited to evaluating whether or not the ALJ's explanations for partially discrediting the Plaintiff are reasonable and supported by substantial evidence in the record.

In his decision, the ALJ pointed to several inconsistencies in the record between

4

Plaintiff's testimony and the medical evidence. For example, although Plaintiff claimed to suffer from disabling diabetic nerve pain (Tr. 48), the record is devoid of a prescription for medication for this pain. Moreover, the records of Plaintiff's treating physician, George Borst, M.D., reveal that with proper diet and exercise, Plaintiff's glucose levels were 100-200 points lower than Plaintiff testified (Tr. 294, 299 and 33). Indeed, there is nothing in the record which establishes that Plaintiff's diabetes cannot be controlled with diet and exercise.

The ALJ gave a number of specific reasons for finding Plaintiff's claims of disabling limitations to be incredible; therefore, this finding should not be disturbed on review. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence.").

Plaintiff's second claim of error is that the ALJ did not afford proper weight to the opinion of Plaintiff's treating physician, George Borst, M.D.

On April 1, 2013, Dr. Borst completed a Residual Functional Capacity Questionnaire in which he indicated that Plaintiff's symptoms and diagnoses included diabetes, neuropathy, hypoglycemia, back pain, and moderate overall pain (defined as pain that could be tolerated but would cause a marked handicap in the performance of tasks) (Tr. 282-86). Dr. Borst opined that, due to these symptoms, Plaintiff could sit for three hours, stand for two hours, walk for one hour, and "work" (defined as sitting, standing, or walking) for two hours total in an eight-hour workday; continuously lift up to 10 pounds, frequently lift up to 20 pounds, occasionally lift up to 50 pounds, and never lift more; frequently carry up to 10 pounds, occasionally carry up to 50 pounds, and never carry more; not use his hands for repetitive grasping, pushing, or pulling, but could perform fine manipulation; not use his feet for repetitive movements; occasionally bend, squat, reach overhead,

5

stoop, and crouch; frequently crawl and kneel; never climb; should never be exposed to unprotected heights, moving machinery, or marked temperature changes; and could occasionally drive and be exposed to pulmonary irritants and noise (Tr. 282-86).

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

In this case, the ALJ discounted the severe restrictions suggested by Dr. Borst. In doing so, the ALJ pointed out that this opinion was at odds with Dr. Borst's own treatment notes, as well as the other evidence in the record.

With regard to Dr. Borst's treatment of Plaintiff, it is noteworthy that the same day Dr. Borst authored his very restrictive opinion, he examined Plaintiff and noted normal examination findings – including normal musculoskeletal ranges of motion – with only some decreased reflexes (Tr. 291-92). And, on that date (as well as all the other times he treated Plaintiff), he encouraged Plaintiff to exercise (Tr. 292), which belies his opinion that Plaintiff could only stand for two hours per day and walk for one hour per day (Tr. 282).

In addition to being undermined by his record of treatment, Dr. Borst's opinion was inconsistent with the other medical opinions of record. For example, a state agency physician, Dr. Irlandez, who reviewed the record opined that Plaintiff could perform the equivalent of a range of

medium work (including sitting and standing or walking for six hours each per eight-hour workday) but should avoid concentrated exposure to extreme cold and hazards (Tr. 76-86).

Having reviewed the record, the undersigned finds that the ALJ considered both the treatment and opinion evidence of record and reasonably rejected Dr. Borst's opinion.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 8th day of February, 2016.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge